Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 92 CR 166 - 1 | **DATE** | January 25, 2001 |
| **CASE TITLE** | *United States of America vs. Rufus Sims* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies defendant Rufus Sims' motion for return of property [105-1]. Further, the court grants defendant's motion to dismiss without prejudice his motion to remiss fine [107-1]. Accordingly, defendant's "motion to remiss or dismiss fine" [106-1, 106-2] is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 25 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 1075 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| CW courtroom deputy's initials | | 01 JAN 25 PM 5:00 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) DOCKETED ) | Case No. 92 CR 166-1 |
| RUFUS SIMS, | ) JAN 2 6 2001 ) | Judge James H. Alesia |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Rufus Sims's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e). For the following reasons, the court denies defendant's motion.

## I. BACKGROUND

On March 5, 1992, defendant Rufus Sims ("Sims") was charged with nineteen counts for various crimes relating to his drug and racketeering operations. Following a lengthy trial, a jury found Sims guilty of nine counts relating to money laundering and illegal structuring of financial transactions. Sims was found not guilty of eight more serious counts relating to drug conspiracy and possession, RICO, and assault in aid of the racketeering organization. At the government's request, two counts were dismissed. On December 20, 1995, the court sentenced Sims to a total of 327 months imprisonment, $500,000 in fines and $450 in special assessments. Sims appealed, arguing that his convictions should be reversed as a matter of law. The Seventh Circuit rejected

1075

Sims's arguments and affirmed Sims's conviction and sentence. *United States v. Sims,* 144 F.3d 1082, 1085 (7th Cir. 1998).

## II. **DISCUSSION**

Sims has filed a motion, pursuant to Federal Rule of Criminal Procedure 41(e), for return of property seized between 1988 and 1992. In his motion, Sims seeks the return of the following: (1) one 1987 Rolls Royce convertible; (2) one 1988 Mercedes; (3) one 1986 Corvette convertible; (4) one 1976 Cadillac El Dorado convertible; (5) one 1988 Cadillac Seville convertible; (6) one 1979 Lincoln limousine; (7) two 1986/87 Suzuki motorcycles; (8) one 1972 Cadillac sedan; (9) one man's full-length mink coat; (10) one man's full-length raccoon coat; (11) one man's full-length beaver coat; (12) gold jewelry valued at approximately $200,000; (13) one 1986 Cadillac de Elegance; (14) one 1990 Chevrolet Camero convertible; (15) one 1986 Cadillac Coupe convertible; (16) one Suzuki Samurai; (17) one residential home on Boeger Avenue in Westchester, Illinois; (18) one residential home located on Royal Glen Court in Lisle, Illinois; (19) one ten-unit apartment building located on Austin Boulevard in Chicago, Illinois; (20) one commercial building located on Chicago Avenue in Chicago, Illinois; (21) cash in excess of $6.2 million dollars; (22) one 1989 BMW coupe; and (23) "miscellaneous personal property valued at approximately $100,000." (Def.'s Mot. at 2.)

In its response, the government argues that Sims's motion is time-barred and, in the alternative, that this court has no jurisdiction over Sims's claim once the administrative forfeiture proceedings were commenced. In reply, Sims claims that he did not receive notice of the forfeiture and, thus, the time did not toll until 1995 when Sims received notice through his

attorney.[1] Further, Sims contends that this court retains jurisdiction because the property was subject to an on-going criminal proceeding. Finally, Sims argues that the lack of notice resulted in a violation of Sims's constitutional rights.

A.  **Jurisdiction**

As the district court where Sims was tried, this court has jurisdiction over this collateral Rule 41(e) motion. *Casas v. United States*, 88 F. Supp. 2d 858, 861 (N.D. Ill. 1999). While the court may not review the merits of the forfeiture, it does retain jurisdiction to consider the procedure by which the forfeiture was effected. *See id.* (citing *Toure v. United States*, 24 F.3d 444, 445-46 (2d Cir. 1994)). In this case, Sims claims that he did not receive notice of the forfeiture. This court, therefore, has jurisdiction to consider a claim that Sims's property was taken improperly – meaning without notice – by the government or by any United States agency. *Polanco v. DEA*, 158 F.3d 647, 651 (2d Cir. 1998).

Having determined that it has jurisdiction, the court will now address Sims's motion for return of property. The government argues that this motion is untimely because it was filed after the six-year statute of limitations had run. Sims, on the other hand, claims that his motion is not untimely because the statute did not accrue until 1995, following his acquittal on certain charges. Further, Sims claims that he did not receive notice of the forfeitures and, therefore, he is entitled to the return of the property.

---

[1] In his motion, Sims also claims that the court, at the conclusion of the criminal proceedings against Sims, stated that there would be no forfeitures. That statement was made with regard to the criminal forfeiture proceedings brought in Sims's indictment, not with respect to any property civilly or administratively forfeited in prior proceedings.

3

B. **Statute of Limitations for a Motion for Return of Property**

A post-conviction Rule 41(e) motion is treated as a civil equitable proceeding for the return of the property. *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir. 1992). Thus, under 28 U.S.C. § 2401, a civil action challenging this administrative forfeiture is subject to a six-year statute of limitations. 28 U.S.C. § 2401(a); *United Sates v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000). In this case, the last of the property was seized in 1992. Further, all of the accounted-for property was forfeited by June of 1992. Thus, the government argues that this motion – first filed in November of 1999 – is untimely. However, Sims claims that he did not receive notice and, therefore, his claim did not accrue until he knew or should have known of this injury – which was in 1995, after his lawyer told him of the forfeited property. The issue, therefore, is when the statute of limitations began to run.

The court agrees with the government that a Rule 41(e) motion is subject to a six year statute of limitations. *See Taylor*, 975 F.2d at 403. However, some of the property Sims seeks to have returned was civilly forfeited and, therefore, Rule 41(e) may not be appropriate. *See infra* Sect. I.A.1. Further, some of the property was administratively forfeited, with declarations of forfeiture attached to the government's brief, while the remaining property Sims seeks to have returned does not have any order of forfeiture. Given the different statuses of the properties at issue, the court will address each category of property in turn.

1. **Civilly forfeited property**

Sims seeks the return of (1) one 1987 Rolls Royce convertible; (2) approximately $325,000 in cash; (3) one residential home located at Boeger Avenue in Westchester, Illinois; (4)

4

one residential home located at Royal Glen Court in Lisle, Illinois; and (5) one ten-unit apartment building located on Austin Boulevard in Chicago, Illinois. All of this property was civilly forfeited and, therefore, Rule 41(e) – and its six-year statute of limitations – is not applicable. FED. R. CRIM. P. 54(b)(5); *see also Duke*, 229 F.3d at 629 (holding that Rule 41(e) does not apply to civil forfeitures). The court, therefore, must determine what the statute of limitations is for challenging the constitutionality of civil forfeiture proceedings.

While some courts have applied a two-year statute of limitations to claims of constitutional violations, *see Williams v. DEA*, 51 F.3d 732, 734-35 (7th Cir. 1995) (accepting the district court's application of a two-year statute of limitations to a claim of due process violations in a forfeiture proceeding), 28 U.S.C. § 2401 provides for a catch-all six-year statute of limitations for any actions brought against the United States. 28 U.S.C. § 2401(a). Further, the Seventh Circuit has recently held that constitutional challenges to administrative forfeitures are subject to a six-year statute of limitations. *Duke*, 229 F.3d at 629 (citing 28 U.S.C. § 2401). Although the instant property was civilly, not administratively, forfeited, the court will likewise apply § 2401's catch-all six-year statute of limitations to the present situation. *See* 28 U.S.C. § 2401; *see also Casas*, 88 F. Supp. 2d at 862 (finding that the longest limitations period that could possibly govern a constitutional challenge to a forfeiture is six years).

The issue, then, is when the statute of limitations began to run. In most instances, the date for challenging the forfeiture accrues at the close of the forfeiture proceedings. *See Polanco*, 158 F.3d at 654. In all cases, the date for accrual is when the claimant knew or should have know

that he was injured. *Casas*, 1996 WL 494270, at *2 (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)).

First, the Rolls Royce and the cash (approximately $325,000) were civilly forfeited on May 31, 1989 by order of Judge Norgle. *See* Case No. 89 C 1250 (J. Norgle). Sims filed a claim in that proceeding so – it can be reasonably inferred – he did have notice of that forfeiture proceeding. However, he failed to answer the complaint, and a default judgment was entered and the property forfeited. Thus, the court finds that Sims had actual notice but failed to follow through with the proceeding and, thus, the Rolls Royce and cash were forfeited. (Def.'s Resp. Br., Ex. 1.) Further, the court finds Sims's claim that he received no notice of any forfeiture proceeding more suspect in light of the fact that Sims filed an interest claim in 1989 regarding the seizure of a 1987 Rolls Royce, and approximately $325,000 in cash but failed to answer the verified complaint.

Finally, with respect to the three properties seized and then civilly forfeited (*see* Case No. 89 C 3187, J. Plunkett), the court in that case reviewed the complaint, the warrants of seizure, the certificates of publication and the mailing notices and ruled that the properties were forfeited to the United States. Despite the publication and mailing notices– and although Andrea Thomas, Sims's girlfriend and co-owner of the property,[2] filed a claim in connection with the forfeiture – Sims failed to file a claim to the property. Further, in his supplemental declaration, Sims admits

---

[2] *See United States v. Sims*, 808 F. Supp. 620, 625-26 (N.D. Ill. 1992) (explaining the relationship between Sims and Andrea Thomas). The court also notes that Sims and Andrea Thomas both filed claims in the civil forfeiture proceeding in front of Judge Norgle. (*See* Case No. 89 C 1250, Ct. Order May 31, 1989).

6

that he "knew that the government agents and local police had taken the property" at issue in this motion beginning in 1988 or 1989. (Def.'s Reply Br., Ex. 1, ¶ 1.) Thus, the court seriously doubts Sims's contention that he had no actual notice of this forfeiture proceeding. Regardless, Sims had constructive notice, a reasonable inference given the record.

In this case, Sims knew – or at least should have known – that his property was seized in 1989. *See Bailey v. United States*, No. 96 C 1405, 1996 WL 494270, at *2 (N.D. Ill. Aug. 27, 1996) (finding that the statute of limitations for bringing a claim for unlawful seizure of property accrues when the property is taken); *see also Casas*, 88 F. Supp. 2d at 862. Moreover, in his own motion, Sims claims that he was aware that the property was seized between 1989 and 1992, although he claims that he did not know he was entitled to its return until 1995.

Based upon the civil orders, the court finds that Sims had actual notice of the forfeiture proceedings against the Rolls Royce and approximately $325,000 in cash. Further, the court seriously doubts the credibility of Sims's claim that he did not receive actual notice of the forfeiture proceedings on the residences. In any event, the court finds that Sims at the very least had constructive notice of the proceedings and that Sims should have known of the civil forfeiture proceedings. Thus, the statute of limitations for challenging the civil forfeiture of the above-listed property accrued at the date of the forfeitures – which was nearly ten years ago. Because the statute of limitations is six years, Sims's current motion is untimely.

### 2. Administratively forfeited property

Sims also seeks the return of (1) one 1979 Lincoln limousine; (2) one 1972 Cadillac sedan; (3) one man's full-length mink coat; (4) one man's full-length raccoon coat; (5) one man's

7

full-length beaver coat; (6) gold jewelry valued at $37,400; (7) one 1986 Cadillac Coupe convertible; and (8) one 1987 Suzuki motorcycle. All of this property was administratively forfeited by the DEA between October 4, 1989 and June 26, 1992. Again, Sims claims that he did not receive notice of the forfeiture proceedings.

First, the statute of limitations governing a motion for return of property administratively forfeited is six years. *Duke*, 229 F.3d at 629 (citing 28 U.S.C. § 2401). The longest period of time that could govern is the six-year catch-all for civil actions against the United States as found in 28 U.S.C. § 2401. *Casas*, 1996 WL 494270, at *2 (citing *Polanco*, 158 F.3d at 653-54). Specifically, the Seventh Circuit has adopted the holding in *Polanco* and found that a defendant's claim for return of property, challenging the administrative forfeiture by the DEA, is subject to a six-year statute of limitations. *Duke*, 229 F.3d at 629.

In this case, the last piece of property was administratively forfeited on June 26, 1992. Sims did not file his motion for return of property until November, 1999. Therefore, on its face, Sims's motion is untimely. However, Sims claims that he was denied due process because he did not receive adequate notice of the forfeitures and, therefore, the statute did not toll until 1995. The only question, therefore, is when that statute of limitations began to run.

In the present case, the DEA claims that it sent out notice to the owner of the property seized, identified as Sims. Further, notice was published pursuant to the statutory regulations. *See* 19 U.S.C. § 1607. In this case, the court finds that notice was adequate and reasonable. Even if Sims did not know of the forfeiture, as he now claims, the failure to actually receive notice does not invalidate the forfeiture. *Krecioch v. United States*, No. 98 C 1121, 1998 WL

8

748333, at *3 (N.D. Ill. Oct. 14, 1998) (finding that, when notice is mailed out, the DEA cannot be held responsible for claimant's failure to actually receive the notice).

Further, Sims was culpable for failing to discover that he had been injured – that injury being the loss of property. *See Duke*, 229 F.3d at 630; *see also Bailey v. United States*, No. 96 C 1405, 1996 WL 494270, at *2 (N.D. Ill. Aug. 27, 1996) (finding that the defendant should have known he was injured at the time the property – including cash, a watch, a wallet, and a gun – was seized). First, in those declarations of forfeiture drafted by the DEA, Sims is listed as the owner of the forfeited property. The declarations clearly state that the owner was notified of the seizure. Further, the declarations also state the notice was published pursuant to 19 U.S.C. § 1607. Sims admits that he knew in 1989 that the property was seized. He cannot close his eyes "to a known probability that he has been injured, even if he is not certain." *See Duke*, 229 F.3d at 630. Thus, the statutes of limitations accrued on the dates the property was administratively forfeited – the last being on June 26, 1992. Because the statute of limitations is six years, Sims's current motion is untimely.

### 3. Remaining property

For the remaining property, Sims does not identify any forfeiture proceeding nor does the government provide any civil orders of forfeiture or declarations of forfeiture for that property. While this property may have been forfeited at some time, neither party offers any evidence of

the forfeiture and when it may have occurred.[3] It appears, therefore, that Sims is trying to assert a civil claim against the United States for taking his property. Such a claim is also untimely.

In order to bring a tort claim against the United States, Sims must have first presented the claim to the appropriate federal agency within two years after the claim accrued. 28 U.S.C. § 2401; *see also Bailey*, 1996 WL 494270, at *2. Sims has not offered any assertion that he has done this. Further, any claim against the United States is also subject to a six-year statute of limitations. 28 U.S.C. § 2401(a). Sims admits in his motion that all of the property was seized between 1989 and 1992. Thus, Sims's claim accrued on December 31, 1992, at the very latest, as he knew or should have know that he was injured by that date. *See Bailey*, 1996 WL 494270, at *2. In order to bring this action, Sims would have had to file it by December 31, 1998. Accordingly, Sims's current motion, originally filed on November 12, 1999, is untimely.

In sum, it appears that Sims was on (1) actual notice for at least some of the property (a reasonable inference given his claim filed in a civil proceeding for the Rolls Royce and approximately $325,000 in cash); (2) constructive notice of the forfeiture of property for which the government has accounted (the consequence of the publication of notice and notice being mailed to the owner, Sims); and (3) inquiry notice for all of the property (as he claims that he was aware of the property being seized since 1989 and the administrative forfeiture orders presented by the government state that the owner – identified as Sims – was notified of the forfeiture proceeding). *See Sanchez v. United States*, No. 95 C 4836, 1995 WL 769297, at *2-3 (N.D. Ill.

---

[3]In fact, Sims does not provide any evidence that such property was actually seized by the government. However, the court will take all assertions in favor of Sims.

10

Dec. 29, 1995). Thus, Sims's current claim – subject to a six-year statute of limitation – accrued when the property was seized or forfeited. Accordingly, the court denies Sims's motion for return of property as untimely.

### III. CONCLUSION

For the foregoing reasons, the court denies Sims's motion for return of property.

Date: JAN 25 2001

James H. Alesia
United States District Judge

11